MARY McCLARY, ET AL. *v.* M. T. BRIDGES.

[Abstract Kentucky Law Reporter, Vol. 6—362.]

**Construction of Will.**

A will stating that, "I give and bequeath to my son  *  *  *  the tract of land on which he is now living known as the Shipley tract containing 200 acres.  *  *  *  The said land  *  *  *  I give to my son  *  *  *  during his life and after his death to his heirs at law to be by him and them possessed and enjoyed forever," conveys to the son a life estate only.

APPEAL FROM ALLEN CIRCUIT COURT.

November 1, 1884.

OPINION BY JUDGE HOLT:

The ninth clause of the will of Robert McClary reads as follows, to wit:

"I give and bequeath to my son, Daniel McClary, the tract of land on which he is now living, known as the Shipley tract, containing 200 acres; also one negro boy—Jim. The said land and negro boy —Jim, I give to my said son, Daniel, during his life and after his death to his heirs at law to be by him and them possessed and enjoyed forever. It is to be further understood that neither my said son nor his heirs are to put any claim against my estate or against the estate of my son-in-law, Jesse R. Brown, for the $100 which he has advanced to said Brown."

It is contended upon the one hand that the fee-simple title vested in Daniel McClary by virtue of the above provision; while upon the

other, it is claimed that he acquired but a life estate; and the latter is clearly the correct interpretation.

Unless this be so, the words "during his life," and "after his death," are meaningless.

The intention of the testator is to govern, and it must be gathered if possible from the will.

In this instance there is nothing in the balance of the instrument to explain or illustrate the clause in question, save that the devises of land to all his other children are for life only, with remainder to their children respectively.

This fact serves to manifest the intention of the testator, and shows that he intended to prevent any alienation of the land by his children during their lives. So far as the question at issue is concerned we do not perceive the force of the distinction attempted to be drawn between the devises to his daughters upon the one hand, and to his sons upon the other.

It is true the language used as to the former limits the estate to them for life with remainder "to the heirs of her body;" while in the case of the latter the remainder estate is for "his heirs at law;" but in either case an estate for life was first created, and it is unnecessary to the settlement of the question arising upon this appeal to determine in what sense the testator used the words, "heirs at law," or whom they include.

The statute provides: "That if any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same should be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs or the heirs of his body or his issue or descendants." General Statutes, page 586; Revised Statutes, page 227; Turman v. White's Heirs, 14 B. Monroe, 450.

A life estate exists equally whether the remainder is for the heirs at law or the heirs of the body; and in this instance the direction of the statute agrees with the intention of the testator in our opinion.

The lower court having held that the interest of Daniel McClary in said 200 acres of land was limited to a life tenancy, and that therefore his widow was not entitled to dower, the judgment is *affirmed.*

Judge Lewis not sitting.

*John J. Gatewood, for appellants.*

*Rodes & Settle, for appellee.*